IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEICO INDEMNITY
COMPANY,

    Plaintiff,

vs.                                       CASE NO. 3:10cv163/RS-EMT

JOE DAN NELSON, JR,
TIM WARD, SARAH WARD,
and MARY FRENCH

    Defendants.
_____/

## ORDER

Before me is Defendant Joe Dan Nelson, Jr.'s motion to quash service of process and set aside the default against him (Doc. 26).

## Background

Plaintiff's proof of service of Defendant Nelson indicates that substitute service was made by leaving a copy of the summons at 289 Sherwood Road with Sarah Ward on May 24, 2010. (Doc. 5). Nelson did not file a response to the complaint and on July 2, 2010, Plaintiff moved for an entry of a clerk's default as to Defendant Nelson. (Doc. 9). On July 7, 2010, the clerk entered a default against Defendant Nelson for failure to file any responsive pleadings. (Doc. 10). On December 9, 2010, Nelson made an appearance in the case for the first time. (Doc. 19). Nelson requests that I quash the service of process and set aside the default

against him, arguing that service was improper because 289 Sherwood Road was not his residence. (Doc. 26).

## Analysis

The fundamental purpose of service is to give proper notice to the defendant in the case that he is answerable to the claim of the plaintiff, and to vest jurisdiction in the court entertaining the controversy. *Shurman v. Atlantic Mortg. & Inv. Corp.*, 795 So.2d 952 (Fla. 2001). Pursuant to Fed. R. Civ. P. 4(e), an individual may be served by following the state law for serving a summons in the state where the district court is located or where service is made, or by delivering a copy of the summons and complaint to the individual personally, leaving the summons at the individual's dwelling or usual place of abode, or delivering a copy to an agent authorized by appointment or by law to receive service of process.

Under Florida law, a return that is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary. *TS Production, LLC, v. Leadracer.com, Inc.*, 2007 WL 4277535 *2 (citing *Lazo v. Bill Swad Leading Co.*, 458 So.2d 1194, 1195 (Fla. 4th DCA 1989)). Although the return in this case appears regular on its face, Defendant Nelson has presented clear evidence he was not residing at 289 Sherwood Road at the time the summons was

left there, and had not been living at that address for some time.[1] Instead, since 2008 Defendant resided with his girlfriend at another address. The evidence presented by Defendant makes clear that 289 Sherwood Road was not his residence or "usual place of abode," and therefore service of the summons and complaint at that location was not proper service. *See* Fed. R. Civ. P. 4(e), Fla. Stat. § 48.031(1)(a). Accordingly, the service of process on Defendant Nelson is quashed.

Because service was not properly accomplished, the default against Defendant was not proper either, and pursuant to Fed. R. Civ. P. 55(c), the default against Defendant Nelson is vacated.

**IT IS ORDERED:**

1. The service of process on Defendant Nelson is quashed.
2. Plaintiff shall accomplish proper service on Defendant Nelson not later than January 13, 2011.
3. The Clerk's default (Doc. 10) against Defendant Nelson is vacated.

**ORDERED** on January 6, 2011.

                                             **/s/ Richard Smoak**
                                             **RICHARD SMOAK**
                                             **UNITED STATES DISTRICT JUDGE**

---

[1] A district court may resolve factual issues in this type of situation through affidavits alone; no hearing is necessary. *U.S.S.E.C. v. Reinhard*, 352 Fed. Appx. 309, 313 (11th Cir. 2009).