IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEICO INDEMNITY
COMPANY,

    Plaintiff,
vs.                                      CASE NO. 3:10cv163/RS-EMT

JOE DAN NELSON, JR,
TIM WARD, SARAH WARD,
and MARY FRENCH

    Defendants.
_____/

## ORDER

Before me are Plaintiff's Motion for Summary Judgment (Doc. 36) and Defendant Joe Nelson's Motion for Summary Judgment (Doc. 39). Defendants Sarah Ward and Tim Ward filed a memorandum in opposition to Plaintiff's motion and in support of Defendant Nelson's motion. (Doc. 48).

### I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the

1

court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

Plaintiff Geico issued an automobile insurance policy to Defendant Nelson. On June 26, 2009, Defendant Nelson and Defendants Tim Ward, Sarah Ward, and Mary French were involved in a single vehicle accident while Nelson was driving French's vehicle. Sarah Ward is Nelson's mother, Tim Ward is Nelson's stepfather, and French is Nelson's girlfriend.

In December of 2009 Tim Ward and Sarah Ward filed a civil suit against Nelson and French, alleging that Nelson negligently operated the motor vehicle owned by French that resulted in the June 2009 accident. Geico then filed this case

seeking declaratory judgment that the auto policy between Geico and Nelson did not cover French's automobile nor provide coverage for the injuries of the Wards, and therefore Geico is not obligated to defend or indemnify any of the Defendants.

Plaintiff and Defendant Nelson have filed cross-motions for summary judgment. No factual issues are in dispute, and the parties agree that the only issues to be resolved in this case are two legal issues: (1) whether French's vehicle was furnished for Nelson's regular use, and therefore not covered under Nelson's policy with Geico, and (2) whether Nelson and the Wards resided together in the same household, thus excluding the Wards from recovering from Nelson's Geico policy due to the "family exclusion provision."

## III. ANALYSIS

Exclusionary clauses must be construed in favor of an insured. *First Floridian Auto and Home Ins. Co. v. Thompson*, 763 So.2d 407, 408 (Fla. 2d DCA 2000). Insurance policy provisions which tend to limit or avoid liability are to be construed most liberally in favor of the insured and strictly against the insurer. *National Auto. Ins. Ass'n v. Brumit,* 98 So.2d 330, 332 (Fla. 1957).

### *Non-Owned Auto Clause*

Nelson's insurance policy with Geico provides coverage for Nelson's use of non-owned vehicles, so long as the vehicle has not been "furnished for his regular

3

use." Plaintiff argues that French's car was furnished for Nelson's regular use, and therefore is excluded under the policy.

Florida courts have found that "regular use" reasonably suggests principal use. *U.S. Sugar Corp. v. Nationwide Mut. Ins. Co.*, 475 So.2d 1350, 1352 (Fla. 2d DCA 1985). Furthermore, the general purpose of a "non-owned auto" clause is to extend coverage to the insured when he is engaged in infrequent and casual use of an automobile other than the one described in the policy. *Walters v. Nationwide Mut. Ins. Co.*, 161 So.2d 225, 227 (Fla. 1st DCA 1964). "Infrequent" and "casual" precisely describes Nelson's use of French's vehicle. It is undisputed that Nelson's use of French's vehicle was limited to approximately eight times per month with French as a passenger and approximately three times per month without French as a passenger. Nelson had to ask for French's permission before using her vehicle. He did not have his own key to French's vehicle and he had to use French's keys when he drove her vehicle. Nelson had his own vehicle that he used to commute to work. Both he and French maintained separate insurance policies for their respective vehicles.

French was the principal user of her vehicle, using it to commute to work on a regular basis. Nelson only drove French's vehicle on occasion for social outings and to run errands when French's vehicle was parked behind his own. Nelson did not have exclusive use or unrestricted access to French's car, and he did not use

4

her car interchangeably with his own. Thus, French's vehicle was not furnished for Nelson's regular use, and therefore is not excluded from coverage pursuant to the non-owned auto clause.

### *Family Exclusion Provision*

Nelson's insurance policy with Geico also excluded from coverage "bodily injury to any insured or any member of an insured's family residing in the insured's household." Plaintiff argues that Sarah Ward and Tim Ward are members of Nelson's family residing in the same household as Nelson, and therefore excluded from coverage.

Residency in a household is a mixed question of law and fact to be determined by the facts of each individual case. *State Farm Mut. Auto. Ins. Co. v. Colon,* 880 So.2d 782, 783 (Fla. 2d DCA 2004)(citing *Row v. United Servs. Auto. Ass'n,* 474 So.2d 348, 349 (Fla. 1st DCA 1985). However, when the facts are undisputed, as they are in this case, whether the facts fit within the insurance policy definition is a question of law that may be determined by the court. *Id.* There are three principal considerations when determining whether one is a resident of the same household under an insurance policy: (1) close ties of kinship, (2) a fixed dwelling unit, and (3) enjoyment of all the living facilities. *See Dwelle v. State Farm Mut. Auto. Ins. Co.*, 839 So.2d 897, 899 (Fla. 1st DCA 2003)(citing *Row* at 349).

The undisputed evidence in this case is that Nelson moved out of the Wards' residence in October of 2008, eight months prior to the accident. Nelson lived with French and moved with her to several different homes. Nelson may have spent two or three nights a month at the Wards' house, primarily when he and French quarreled. However, Nelson no longer had a key to the Wards' house and had to knock to gain entry. Nelson also had to sleep on the sofa in the house because the Wards' converted his former bedroom into a study. Nearly all of his personal property was kept at his home with French. Plaintiff argues that Nelson had dual residency with French and the Wards due to the occasional nights he spent at the Wards' house and the fact that he on at least one occasion listed the Wards' address as his mailing address. However, these facts are not sufficiently significant to overcome the other undisputed evidence that Nelson no longer resided with the Wards.

In addition, it is unclear under the policy whether Tim Ward, as Nelson's mother's spouse, constitutes a "member of the insured's family." This term is not clearly defined in the contract, and ambiguous coverage provisions are construed strictly against the insurer that drafted the policy and liberally in favor of the insured. *Fayad v. Clarendon Nat. Ins. Co.* 899 So.2d 1082, 1086 (Fla. 2005). Accordingly, I construe this provision against Plaintiff and find that Tim Ward is not a "member of the insured's family."

Because Tim Ward is not a member of Nelson's family, and Nelson is not a resident of the same household as the Wards, the Wards are not excluded from coverage under the family exclusion provision of the policy.

## IV. CONCLUSION

The non-owned auto clause and family exclusion provision of Nelson's insurance policy do not preclude coverage of French's vehicle or the Wards' injuries.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc.36) is denied.

2. Defendant's motion for summary judgment (Doc. 39) is granted.

3. The Clerk is directed to enter declaratory judgment for Defendants.

4. The Court shall retain jurisdiction over this matter to consider the issues of costs and attorneys fees pursuant to Fla. Stat. § 627.428. Motions for attorneys fees and costs shall be filed not later than March 10, 2011.

**ORDERED** on February 24, 2011.

                                          **/s/ Richard Smoak**
                                          **RICHARD SMOAK**
                                          **UNITED STATES DISTRICT JUDGE**